[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION OF SUPPORT DOCKET ENTRY (#124)
A decree of dissolution of the parties' marriage was entered on January 9, 1985 and modified on November 26, 1986. The current order of support is $150.00 per week, to be paid by the plaintiff to the defendant.
The plaintiff is a practicing psychiatrist. In April of this year he switched from a part-time office practice to a full-time office practice. Beginning in September 1991 he was employed at Cedarcrest Hospital by the State of Connecticut and had a part-time practice. He has remarried and has a child of his present marriage. His wife also works. At the time of the order entered in November 1986, his net weekly income was $958.00. His net weekly income at this time is $633.00.
The defendant is a medical researcher. She has been employed at Yale but the finances for the grant funding her study have been discontinued. She received severance pay to June 17, 1992 and is now receiving ten weeks of vacation pay. Her financial affidavit reflects her pay in her former position, that is a net pay of $219.00 per week. In November 1986, her net pay was $288.00 per week. She, too, has remarried and has a child of her present marriage.
Since the orders entered in November 1986, Connecticut has adopted the Family Child Support Guidelines. The court has also, by its orders today, substantially increased the time that "Terrie" is with the plaintiff. These events by themselves represent a substantial change in the circumstances of the parties.
By reason of the obligation of each of the parties for the support of another child, and by reason of the virtual split physical custody of "Terrie", the court finds that it would be inequitable and inappropriate to apply the Family Support Guidelines, and shall deviate from these guidelines. The court has, however, considered the factors of 46b-84 of the General Statutes.
The court orders that effective July 1, 1992, the plaintiff shall pay to the defendant the sum of $170.00 per week in child support. In view of the plaintiff's self-employment, the court CT Page 7365 enters no order for wage withholding. All other orders of the decree entered on January 9, 1985, except as modified by the orders entered today, shall remain in full force and effect.
EDGAR W. BASSICK, III, JUDGE